968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. LAWRENCE, Plaintiff-Appellant,
v.
Susan K. CARPENTER and Linda Nicholson, Defendants-Appellees.
 No. 89-3776.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 21, 1992.
 
 1
 Before CUDAHY, and COFFEY, Circuit Judges, and PELL Senior Circuit Judge.
 
 ORDER
 
 2
 William D. Lawrence appeals pro se from the district court's order denying his petition for leave to proceed in forma pauperis (IFP) and dismissing his complaint without prejudice. In an action pursuant to 42 U.S.C. § 1983, Lawrence alleged that Susan Carpenter and Linda Nicholson, Indiana State public defenders, violated his constitutional rights by delaying progress on his petition for post-conviction relief. We affirm.
 
 
 3
 While a court must liberally construe a pro se litigant's pleadings, Haines v. Kerner, 404 U.S. 519 (1972), a judge nonetheless may dismiss frivolous IFP claims sua sponte under 28 U.S.C. § 1915(d). A claim is frivolous if the plaintiff is unable to formulate any rational argument in law or in fact which would entitle him to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, No. 90-1846, 1992 WL 86565 (U.S. May 4, 1992). When a claim is not clearly frivolous, the court should permit it to proceed at least to the stage at which responsive pleadings are required. Neitzke, 490 U.S. at 323.
 
 
 4
 Williams argues that the defendants violated his rights of due process and equal protection by inordinately delaying and hindering his efforts to amend and defend the post-conviction proceedings. The initial inquiry in a § 1983 claim focuses on two elements that are essential to such an action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981) ( overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); Coleman v. Frantz, 754 F.2d 719 (7th Cir.1985).
 
 
 5
 A public defender does not act under color of state law within the meaning of § 1983 when acting as counsel to an indigent defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981).[1] Since Lawrence cannot satisfy the first element of the initial inquiry in a § 1983 action, his claim--based on "an indisputably meritless legal theory," Neitzke, 490 U.S. at 327--is a fitting candidate for dismissal under § 1915(d).
 
 
 6
 Accordingly, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Moreover, a convicted defendant has no constitutional right to counsel on collateral attack. Pennsylvania v. Finley, 481 U.S. 551 (1987). If Lawrence wishes to expedite post-conviction proceedings, he is free to fire the public defenders and request a hearing. See Lane v. Richards, 957 F.2d 363, 365 (7th Cir.1992). Should Lawrence choose to do so, he "must surrender all hope of assistance by the public defender ..., but as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution." Id